■ In the Matter of the Claim of SAMUEL ELKIN, Respondent, v. D. & J. CLEANERS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal from a decision and award of the Workmen's Compensation Board on the ground that there is no substantial evidence that claimant is suffering from an occupational disease, and from a decision of the board denying appellants the right to re-examine the claimant (Workmen's Compensation Law, § 13-j). Claimant worked as a presser for appellant-employer from 1949 to 1956 with the exception of a few months in 1952. It is undisputed that his operation of the pressing machine required him to stand on his feet on a concrete surface and to operate four foot pedals approximately 10 hours a day, 6 days a week. When this case was previously before us (14 A D 2d 402) we rejected the board's position that, as a matter of law, the varicose veins with which claimant is afflicted could not be deemed an occupational disease and remitted the case for a factual determination of this issue. The board has now determined that claimant's occupational requirements " resulted in varicose veins which was an effect of the work he did, and that such work activity was sufficiently distinctive to render the condition occupational in nature." The medical evidence, though weak, is sufficient to support this conclusion (Matter of Ernest v. Boggs Lake Estates, 12 N Y 2d 414), and we are thus constrained to uphold the board's determination (Matter of Roettinger v. Great Atlantic & Pacific Tea Co., 17 A D 2d 76, affd. 13 N Y 2d 1102; see, also, Matter of Wildermuth v. B. P. O. Elks Club, 5 A D 2d 911, mot. for lv. to app. den. 4 N Y 2d 677). Nor do we find merit in appellants' contention that, as a matter of law, they were entitled to a re-examination of the claimant. Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.